Ex parte Graciano Archilla, Jr., Petitioner and Appellant; Mariana Matos de Archilla, etc., Opposers and Appellees.

No. 9106. Argued January 16, 1946.—Decided February 28, 1946.

*Francisco Vizcarrondo* for appellant. *Angel Rivera Colón* for appellee.

Mr. Justice Córdova delivered the opinion of the court.

The appellant petitioned the lower court for the judicial administration of the estate of a decedent and alleged that he was an unsecured creditor with written title. The court de-

nied the petition, as it considered that the claim of the appellant did not appear from a written title.

Section 556 of the Code of Civil Procedure provides that the judicial administration of the estate of a decedent may be ordered, among other cases, on the petition of an "unsecured creditor with written title, having a claim against the decedent." The only question involved in this appeal is whether the appellant showed that he was a creditor with written title.

The title upon which the appellant based his petition was a public instrument whereby he was granted special power by the decedent to manage a certain property. The appellant alleges that he is a farmer, and that he actually managed the property mentioned in the instrument, together with another property, for several years, and that the decedent had agreed to pay him $1,200 anually for the management of both properties.

Assuming that the facts alleged are true, the appellant is a creditor of the heirs of the decedent. But his claim is not evidenced by a written title. The instrument granting him special power to manage one of the two properties, which is the only document relied on by the appellant, contains no provision for any compensation for such management. The appellant argues that compensation should be presumed under § 602 of the Civil Code (1930 ed.), since he is a farmer. But it does not appear from the instrument that the appellant is a farmer. Moreover, the document does not show that the appellant managed the property. The fact that a person has been authorized by another to do something does not necessarily show that he has acted. Very often a power of attorney is granted without the attorney in fact, for some reason or other, having any occasion to exercise the power conferred upon him.

In short, from a reading of the power of attorney on which the appellant based his petition, it does not appear that

any debt is due to him. To establish his claim, the appellant relies upon oral evidence. That being so, the judicial administration of the estate would not be proper under § 556 of the Code of Civil Procedure, since the appellant is not a creditor with written title. See *Sabater* v. *Escudero*, 23 P. R.R. 794, and *Roig* v. *Landráu*, 29 P.R.R. 294.

The order appealed from should be affirmed.